IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

THOMAS McMEANS, # 216225,        )
                                 )
        Petitioner,              )
                                 )
                                 )        Civil Action No.
v.                               )        2:19-cv-1039-WHA-CSC
                                 )        (WO)
STATE OF ALABAMA, et al.,        )
                                 )
        Respondents.             )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the Court on a petition for writ of habeas corpus under 28 U.S.C.

§ 2254, by which Alabama prisoner Thomas Kenyon McMeans challenges his 2013

conviction for rape in the first degree and his resulting 30-year sentence. Doc. 1.[1]

Respondents argue that McMeans's petition is time-barred under the AEDPA's one-year

statute of limitations. For the reasons that follow, the Court agrees and recommends that

McMeans's petition be denied without an evidentiary hearing and that this case be

dismissed with prejudice.

## I. BACKGROUND

**A.    State Court Proceedings**

    *1.    McMeans's Conviction and Direct Appeal*

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the Court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the Court's CM/ECF filing system, which may not correspond to pagination on the hard copy of the document presented for filing.

On June 12, 2013, a jury in Butler County, Alabama found McMeans guilty of rape in the first degree, in violation of ALA. CODE § 13A-6-61(a)(1), and rape in the second degree, in violation of ALA. CODE § 13A-6-62(a)(1). Doc. 11-1 at 316–17. On July 11, 2013, the trial court sentenced McMeans to 30 years in prison for the first-degree rape conviction and to 10 years in prison for the second-degree rape conviction, the terms to run concurrently. *Id*. at 332.

McMeans appealed, arguing that the trial court erred in admitting a recording of the victim's emergency 911 phone call. Doc. 11-2. On April 25, 2014, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming McMeans's convictions and sentence. Doc. 11-4. McMeans did not apply for rehearing or seek certiorari review in the Alabama Supreme Court. The Alabama Court of Criminal Appeals issued a certificate of judgment on May 14, 2014. Doc. 11-5.

### 2.    *McMeans's Alabama Rule 32 Petitions*

On February 17, 2015, McMeans filed a petition in the trial court seeking postconviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.[2] Doc. 11-6 at 68–86. In his Rule 32 petition, McMeans raised numerous claims of ineffective assistance of trial and appellate counsel, various claims of trial court error, and a claim that

---

[2] For the filing dates of McMeans's Alabama Rule 32 petitions, and his instant federal habeas petition, this Court follows the inmate "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988). Under the mailbox rule, a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *See Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 93 F.2d 776, 780 (11th Cir. 1993). In this circuit, absent evidence to the contrary, courts will assume that a prisoner delivered a filing to prison officials on the date he represents that he signed it. *See United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012).

his convictions for both first-degree rape and second-degree rape arose from the same incident, involving the same victim, and therefore violated his constitutional right to be free from double jeopardy. *Id.* at 73–84. On October 26, 2015, the trial court entered an order denying McMeans's Rule 32 petition. *Id.* at 51–52. McMeans appealed, pursuing the claims raised in his Rule 32 petition. Doc. 11-7.

Before addressing the other claims presented by McMeans in his Rule 32 appeal, the Alabama Court of Appeals remanded his case for the trial court to enter a new order, with specific findings of fact, addressing the merits of McMeans's double jeopardy claim. In its remand order, entered on August 12, 2016, the Alabama Court of Criminal Appeals instructed the trial court that if it found McMeans's double jeopardy claim to be meritorious, the trial court should vacate one of McMeans's convictions and grant whatever other relief it deemed necessary. Doc. 11-10 at 13–14. The Alabama Court of Criminal Appeals ordered the trial court to file its return within 60 days. *Id*. at 13.

The trial court held a hearing on McMeans's double jeopardy claim on November 3, 2016. Doc. 11 at 35–42. On November 7, 2016, the trial court entered an order finding that McMeans was subjected to double jeopardy. Accordingly, in that order, the trial court vacated McMeans's conviction and 10-year sentence for second-degree rape. *Id*. at 32–34. The trial court's order left intact McMeans's conviction and 30-year sentence for first-degree rape. *Id*.

On March 17, 2017, on return to remand, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's judgment and holding that, after

the trial court's vacatur of McMeans's second-degree rape conviction, the remaining claims in his Rule 32 petition were properly denied because they either lacked merit or were procedurally barred. Doc. 11-12. McMeans did not apply for rehearing with the Alabama Court of Criminal Appeals or seek certiorari review in the Alabama Supreme Court. On April 5, 2017, the Alabama Court of Criminal Appeals issued a certificate of judgment in the Rule 32 appeal. Doc. 11-13.

On January 17, 2019, McMeans filed a second Rule 32 petition in the trial court. Doc. 16-1 at 2–16. In that petition, McMeans claimed that the appointment of the judge who presided over his 2013 trial was void and, consequently, his conviction for first-degree rape was illegal and void. *Id*. at 15. The trial court denied McMeans's second Rule 32 petition in an order entered on February 11, 2020.[3] *Id*. at 30. McMeans appealed, and on June 26, 2020, the Alabama Court of Criminal Appeals affirmed the trial court's judgment by memorandum opinion. Doc. 16-5. McMeans applied for rehearing, which was overruled (Docs. 16-6 and 16-7), and then he filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on March 12, 2021 (Docs. 16-8 and 16-9).

## B.    McMeans's § 2254 Petition

On December 11, 2019, proceeding pro se, McMeans filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. In his petition, McMeans asserts that his conviction and 30-year sentence for first-degree rape violated his constitutional right to

---

[3] Between the time McMeans filed his second Rule 32 petition and the trial court's denial of that petition, McMeans filed his § 2254 petition in this Court.

equal protection under the laws because Alabama's rape statute, ALA. CODE § 13A-6-61, was enacted under the legislative authority of the Alabama Constitution of 1901, which was adopted to disenfranchise black citizens. Doc. 1 at 10–15. On May 14, 2021, McMeans filed an amendment to his § 2254 petition in which he asserts essentially the same claim he presented in his second Rule 32 petition, i.e., that the appointment of the judge who presided over his trial was void, and thus his conviction for first-degree rape was illegal and void. Doc. 13 at 5–7.

Respondents argue, among other things, that McMeans's § 2254 petition is time-barred under the AEDPA's one-year statute of limitations and therefore he is not entitled to habeas review of his claims. Doc. 11 at 15–18; Doc. 16 at 7; Doc. 21.

## II.   DISCUSSION

### A.   AEDPA's One-Year Statute of Limitations

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B.      Analysis of Timeliness of McMeans's § 2254 Petition**

As noted, Respondents argue that McMeans's § 2254 petition is time-barred under the AEDPA's one-year statute of limitations. This Court initially faces the question of what judgment counts for purposes of computing the AEDPA's statute of limitations in McMeans's case. Is the controlling judgment, as Respondents argue, the one created on July 11, 2013, when the trial court sentenced McMeans to 30 years in prison for his first-degree rape conviction and 10 years in prison for his second-degree rape conviction? Or, in light of *Magwood v. Patterson* and cases applying that Supreme Court decision, was a new controlling judgment created with the trial court's November 7, 2016 order vacating McMeans's conviction and sentence for second-degree rape and leaving intact his

conviction and sentence for first-degree rape?[4] Because McMeans's § 2254 petition is

time-barred under either answer, this Court will simply assume, for the sake of argument,

that the trial court's November 7, 2016 order created a new judgment permitting McMeans

to attack his remaining conviction and sentence (for first-degree rape) in a § 2254 petition,

as long as the petition attacking that new judgment was timely under the AEDPA's statute

of limitations. McMeans's petition, as the Court will explain, is not timely under the statute

of limitations.

The proceedings on McMeans's first Rule 32 petition, specifically, his Rule 32

appeal, were pending when the trial court entered its November 7, 2016 order vacating his

conviction and sentence for second-degree rape. Thus, the AEDPA's statute of limitations

---

[4] In *Magwood v. Patterson*, 561 U.S. 320 (2010), the U.S. Supreme Court held that, "where . . . there is a new judgment intervening between two habeas petitions, an application challenging the resulting new judgment is not second or successive" under the AEDPA. 561 U.S. at 341–42. The Eleventh Circuit has further held that, "when a habeas petition is the first to challenge a new judgment, it is not 'second or successive,' regardless of whether its claims challenge the sentence or the underlying conviction." *Insignares v. Sec'y, Florida Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014). Under the federal habeas statute, a habeas petition may challenge only the state court judgment pursuant to which the petitioner is being held in custody. 28 U.S.C. § 2254(a). Due to this restriction, the federal habeas statute is "specifically focused on the judgment which holds the petitioner in confinement." *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007). The Eleventh Circuit has explained that "the judgment to which [the federal habeas statute] refers is the underlying conviction and most recent sentence that authorizes the petitioner's current detention." *Id*. at 1292. In *Thompson v. Fla. Dep't of Corr.*, 606 F. App'x 495 (11th Cir. 2015), the state of the Eleventh Circuit's jurisprudence on this issue was discussed at great length. There, the Court concluded that where a resentencing results in a new judgment, the new judgment starts the AEDPA's statute of limitations anew. *Id*. at 502. Moreover, a judgment is based on both the convictions and sentence which provides for a single trigger date as opposed to a multiple trigger date where that statute of limitations begins to run based on a separate and distinct statutory provision. As the statute specifically referenced "an application," this meant a single judgment (encompassing the conviction and sentence) which holds a person in custody of the State regardless of whether the application seeks relief from the new sentence or the underlying conviction. *Id*. at 505.

was tolled under 28 U.S.C. § 2244(d)(2) at the time the new judgment was entered.[5] On

return to remand in the Rule 32 appeal, the Alabama Court of Criminal Appeals, on March

17, 2017, issued a memorandum opinion affirming the trial court's judgment and holding

that, after the November 7, 2016 vacatur of McMeans's second-degree rape conviction on

double jeopardy grounds, the remaining claims in his Rule 32 petition either lacked merit

or were procedurally barred. The Rule 32 proceedings concluded on April 5, 2017, the date

on which the Alabama Court of Criminal Appeals issued a certificate of judgment in the

Rule 32 appeal. With the conclusion of the Rule 32 proceedings on April 5, 2017, McMeans

was no longer entitled to tolling under § 2244(d)(2), and the AEDPA's one-year statute of

limitations began to run on that date.[6] Absent another tolling event, whether statutory or

---

[5] "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

[6] McMeans did not appeal the trial court's November 7, 2016 order vacating his conviction and sentence for second-degree rape, and this Court is unaware of any mechanism under Alabama law by which he might have appealed that order, which was entered in the context of a remand by the Alabama Court of Criminal Appeals in McMeans's Rule 32 appeal. This perhaps suggests a difficulty, both practical and analytical, that arises from construing the trial court's November 7, 2016 order as the new controlling judgment for purposes of computing the AEDPA's statute of limitations. Moreover, in this case, it is difficult to think of a reason McMeans would want to appeal from a judgment that, by vacating one of his convictions, was in his favor. In his concurring opinion in *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321 (11th Cir. 2017), Chief Judge Carnes noted that, in the Eleventh Circuit, open questions remain as to whether a "non-detrimental change" in a sentence allows a prisoner to file a federal habeas petition challenging his original, undisturbed conviction as though the conviction had occurred at the date of the change in the sentence. *Id.* at 1328–29. The dissent in *Patterson* argued that any substantive change to a sentence should constitute a new judgment, even if the state court did not enter a new formal, written judgment. *Id.* at 1331. These differing opinions, and the differing opinions among the federal circuits, "highlight uncertainty as to when a change to a sentence constitutes new judgment" under *Magwood* and its progeny. *See Wheeler v. Sec'y, Fla. Dep't of Corr.*, 2021 WL 6197380, at *2 (M.D. Fla. Dec. 30, 2021). The district court in *Cassidy v. Dixon*, 2021 WL 6808302, at *2 (N.D. Fla. Dec. 22, 2021), observed that circuits that have addressed the

(continued…)

equitable, McMeans had one year, or until April 5, 2018, to file his § 2254 petition. *See* 28

U.S.C. § 2244(d)(1)(A).

McMeans filed his second Rule 32 petition on January 17, 2019. However, that

second Rule 32 petition and any related proceedings that followed were of no consequence

for purposes of tolling under § 2244(d)(2), because the AEDPA's statute of limitations ran

unabated for one year after April 5, 2017, before expiring for McMeans on April 5, 2018—

over eight months before McMeans's second Rule 32 petition was filed. "[O]nce a deadline

---

issue are split on whether an amended judgment that vacates one count of conviction while leaving other
counts intact is a new judgment as to all counts. The court stated:

> The Second and Ninth circuits hold that an amended judgment on one count serves as a
> new judgment on all counts, restarting the AEDPA clock and successive petition count.
> *See Johnson v. United States*, 623 F.3d 41, 45–46 (2d Cir. 2010); *Wentzell v. Neven*, 674
> F.3d 1124 (9th Cir. 2012); *United States v. Lopez-Alvarez*, 842 F. App'x 167, 168 (9th Cir.
> 2021) (citing *Wentzell*). On the other hand, the Third, Fifth and Seventh circuits have held
> that such a limited amended judgment does not serve as a new judgment on all counts. *See
> Romansky v. Superintendent Greene SCI*, 933 F.3d 293, 300 (3d Cir. 2019); *In re Lampton*,
> 667 F.3d 585 (5th Cir. 2012); *Turner v. Brown*, 845 F.3d 294 (7th Cir. 2017), cert. denied,
> 137 S. Ct. 2219 (2017).

*Cassidy*, 2021 WL 6808302, at *2. The court in *Cassidy* noted that the Eleventh Circuit has not addressed
this precise issue in a published opinion and observed:

> Although the Eleventh Circuit had an opportunity to address this issue in *Cox v. Sec'y Fla.
> Dep't of Corr.*, 837 F.3d 1114 (11th Cir. 2016), the court did not do so because the
> petitioner in that case "was never sentenced on Count 3 [the vacated count]" and, thus "has
> never been held in custody pursuant to Count 3." *Id*. at 1118. Therefore, the court
> specifically noted that it "need not take sides in a split between the Fifth and Second
> Circuits" on how to treat amended judgments that altered only one count of a multi-count
> judgment.

*Cassidy*, 2021 WL 6808302, at *2 n.4. Here, because McMeans's § 2254 petition is time-barred whether
the controlling judgment is the one created on July 11, 2013, when the trial court first sentenced McMeans
for both the first-degree rape and second-degree rape counts, or whether the controlling judgment was
created with the trial court's November 7, 2016 order vacating the second-degree rape count, this Court
does not labor unduly over the thorny question of whether the 2016 order indeed meets the requirements of
a "new judgment" under *Magwood* and the cases attempting to apply *Magwood*. Instead, the Court assumes
it was a "new judgment" for the sake of argument.

has expired, there is nothing left to toll." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir.

2004). "A state court filing after the federal habeas deadline does not revive" the statute of

limitations period applicable to federal habeas review. *Id*.; *see also Tinker v. Moore*, 255

F.3d 1331, 1333 (11th Cir. 2001). Under 28 U.S.C. § 2244(d)(1)(A), McMeans had until

April 5, 2018, to file his § 2254 petition. He filed his petition on December 11, 2019.

The alternative triggering provisions of 28 U.S.C. § 2244(d)(1)(B)–(D) provide no

safe harbor for McMeans such that the AEDPA's statute of limitations commenced on

some date later than April 5, 2017, or expired on some date later than April 5, 2018. There

is no evidence that an unlawful state action impeded McMeans from filing a timely § 2254

petition, *see* § 2244(d)(1)(B); McMeans presents no claim resting on a "right [that] has

been newly recognized by the Supreme Court and made retroactively applicable to cases

on collateral review" *see* § 2244(d)(1)(C); and McMeans submits no ground for relief with

a factual predicate not discoverable earlier through exercising due diligence, *see*

§ 2244(d)(1)(D).[7]

McMeans argues that his § 2254 petition isn't subject to the AEPDA's limitation

period because, he says, he raises jurisdictional issues challenging the validity of his

conviction and sentence. Doc. 20 at 2–3; Doc. 23 at 2. McMeans's argument lacks merit.

If this Court were an Alabama state court, and if McMeans's claims indeed impugned the

---

[7] Even if it were argued that 28 U.S.C. § 2244(d)(1)(D) supplies the statute of limitations under the circumstances of McMeans's case, any new factual predicate underlying McMeans's claims for relief was discoverable no later than the trial court's entry of its November 7, 2016 order vacating his conviction and sentence for second-degree rape. Thus, whether § 2244(d)(1)(A) or § 2244(d)(1)(D) supplies the statute of limitations in McMeans's case, his § 2254 petition is untimely, and the result is the same.

trial court's jurisdiction, his argument might have some force. *See, e.g., McNeal v. State*, 43 So. 3d 628, 629 (Ala. Crim. App. 2008) (challenge to allegedly illegal sentence raised in a state Rule 32 proceeding was not barred by the statute of limitations in Ala. R. Crim. P. 32.2(c), because if a sentence is illegal it exceeds the jurisdiction of the trial court). However, there is no exception to the AEDPA's limitation period in § 2244(d) for claims alleging lack of jurisdiction by the state trial court. *See, e.g., Pope v. Butler*, 2012 WL 4479263, at *1 (N.D. Ala. Sept. 24, 2012) ("While Pope argues that his claim challenging the validity of his conviction and sentence presents a 'jurisdictional' claim that is not governed by the one-year limitations period of § 2244(d)(1), 'neither the statute nor federal case law makes such an exception for alleged jurisdictional issues arising under state law.'"); *Owens v. Mitchem*, 2012 WL 4009335, *3 n.3 (N.D. Ala. July 10, 2012) ("There is no exception under AEDPA's statute of limitations for a § 2254 claim that the state court lacked subject matter jurisdiction."); *Casey v. Forniss*, 2017 WL 6887095, at *4 (M.D. Ala. Dec. 14, 2017) (same).[8] McMeans's claims are not exempt from application of the

---

[8] *See also, e.g., Griffin v. Padula*, 518 F.Supp.2d 671, 677 (D.S.C. 2007) (citation omitted) ("Griffin argues the state court lacked subject matter jurisdiction in an attempt to avoid the time limitations of the AEDPA. However, since '[t]here is no exception under the AEDPA for subject matter jurisdiction claims, and petitioner does not assert any facts that would allow his claim to go forward under the limited exceptions to the AEDPA,' the court finds that Griffin's habeas petition is untimely and must be dismissed."); *Beaulieu v. Minnesota*, 583 F.3d 570, 574 (8th Cir. 2009) ("Whether Minnesota had jurisdiction of [the petitioner's] claim was a matter for the Minnesota courts to address. [The petitioner] misapprehends the nature of federal habeas review, and we hold that his subject matter jurisdiction claim does not preclude a finding of procedural default.").

AEDPA's statute of limitations.[9]

## C.     Equitable Tolling

The AEDPA's statute of limitations may be equitably tolled on grounds besides

those in the habeas statute if a petitioner untimely files "because of extraordinary

circumstances that are both beyond his control and unavoidable with diligence." *Sandvik*

*v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "[E]quitable tolling is an

extraordinary remedy, . . . limited to rare and exceptional circumstances and typically

applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). The U.S.

Supreme Court has held that a habeas petitioner is entitled to equitable tolling "only if he

shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S.

631, 649 (2010). "The petitioner bears the burden of showing that equitable tolling is

---

[9] Respondents argue that the trial court's November 7, 2016 order vacating McMeans's conviction and sentence for second-degree rape and leaving intact his conviction and sentence for first-degree rape did not constitute a new judgment under *Magwood* and that the controlling judgment for purposes of computing the AEDPA's statute of limitations in McMeans's case is the one created on July 11, 2013, the date on which the trial court sentenced McMeans to 30 years in prison for his first-degree rape conviction and 10 years in prison for his second-degree rape conviction. *See* Doc. 11 at 15–18; Doc. 16 at 7; Doc. 21. If Respondents' argument is accepted, McMeans's judgment of conviction became final on May 14, 2014, when the Alabama Court of Criminal Appeals issued a certificate of judgment in the direct-review proceedings. *See Brown v. Hooks*, 176 F. App'x 949, 951 (11th Cir. 2006); *Rickman v. Butler*, 2014 WL 3729577, at *6 (N.D. Ala. July 21, 2014). The AEDPA's statute of limitations then ran for 279 days, from May 14, 2014, until February 17, 2015, the date on which McMeans filed his first Alabama Rule 32 petition. Tolling under § 2244(d)(2) applied from February 17, 2015 until April 5, 2017, the date on which the Alabama Court of Criminal Appeals issued a certificate of judgment in McMeans's Rule 32 appeal. The federal clock began to run again April 5, 2017 and expired 86 days later, on June 30, 2017. Thus, under Respondents' argument, the AEDPA's statute of limitations expired approximately nine months earlier than it did under this Court's computation using the trial court's November 7, 2016 order as the controlling judgment for computing the limitation period. In either case, McMeans's § 2254 petition is untimely.

warranted." *Hunter*, 587 F.3d at 1308. McMeans makes no argument, and brings forth no evidence, demonstrating that he is entitled to equitable tolling, and the Court knows of no reason that would support tolling of the limitation period in McMeans's case. McMeans's § 2254 petition is therefore time-barred.

**D.      Actual Innocence**

The AEDPA's statute of limitations can be overcome by a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). Habeas petitioners asserting actual innocence as a gateway to review of defaulted or time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). The standard exacted by the Supreme Court in *Schlup* "is demanding and permits review only in the "extraordinary" case."[10] *House v. Bell*, 547 U.S. 518, 538 (2006). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998). McMeans presents no colorable claim of his actual innocence as a gateway to review of the claims in his time-barred § 2254 petition. Therefore, the actual-innocence exception to the habeas statute's time-bar does

---

[10] In *Schlup*, the Supreme Court stated:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

not apply in his case, and the claims in his § 2254 petition are not subject to federal habeas review.

## III.  CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that McMeans's § 2254 petition be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

Additionally, it is ORDERED that the parties shall file any objections to this Recommendation by **July 25, 2022**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 11th day of July, 2022.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

14