IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THOMAS McMEANS, # 216225, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 2:19-cv-1039-WHA-CSC |
| STATE OF ALABAMA, *et al.,* | ) | (WO) |
| | ) | |
| Respondents. | ) | |

## ORDER

Before the Court are Petitioner Thomas McMeans's "Motion for Relief from Final Judgment under Rule 60(b)" (Doc. 30) and "Motion for Relief Under Rule 60(b)(4), (6)" (Doc. 34). The substance of these two motions is essentially the same. However, because the first of these motions (Doc. 30) was filed within 28 days after this Court's entry of final judgment, it is construed as a Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e).

In both of his post-judgment motions, McMeans argues that this Court incorrectly dismissed his 28 U.S.C. § 2254 petition as time-barred under AEDPA's one-year statute of limitations. Docs. 30 & 34. Specifically, McMeans argues that this Court incorrectly rejected as time-barred his claim that the state trial court lacked jurisdiction in his case because, he says, the original trial judge, who recused herself, improperly appointed her successor judge who heard McMeans's case and presided at his trial and imposed his sentence. According to McMeans, this purportedly jurisdictional claim is not subject to AEDPA's statute of limitations. Doc. 30 at 2–3; Doc. 34 at 2–4. However, as stated in the

Magistrate Judge's Recommendation, McMeans's jurisdictional claims, like all other claims asserted in his § 2254 petition, are subject to AEDPA's statute of limitations. Doc. 24 at 10–12. *See, e.g., Owens v. Mitchem*, 2012 WL 4009335, *3 n.3 (N.D. Ala. July 10, 2012) ("There is no exception under AEDPA's statute of limitations for a § 2254 claim that the state court lacked subject matter jurisdiction."). Therefore, this Court correctly found that McMeans's claim that the state trial court lacked jurisdiction, like his other claims, is time-barred.[1]

Accordingly, for the reasons stated above, it is ORDERED that:

1. McMeans's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) (Doc. 30) is DENIED.

2. McMeans's "Motion for Relief Under Rule 60(b)(4), (6)" (Doc. 34) is DENIED.

DONE this 20th day of September, 2022.

    /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that the Alabama Court of Criminal Appeals addressed the merits of McMeans's claim that the state trial court lacked jurisdiction in one of McMeans's Rule 32 proceedings and found that the claim lacked merit, both factually and legally, and that it wasn't even a jurisdictional matter under Alabama law. *See* Doc. 16-5 at 2–4.